**In re Douglas Stephen MELVIN and Janet Ann Melvin, Debtors.**

**Case No. 84–0034–6P1.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Sept. 18, 1989.

David Landis, Orlando, Fla., for debtor.

ORDER ON MOTION TO DISMISS OR, ALTERNATIVELY, MOTION TO GRANT RELIEF FROM STAY

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a confirmed Chapter 11 case and the matter under consideration is a Motion to Dismiss or, Alternatively, to Grant Relief from Stay filed by KRC Enterprises, Inc. (KRC). KRC seeks a dismissal of this confirmed Chapter 11 case on two grounds. The first is based on the contention that the Debtors violated the automatic stay imposed by § 362 in a case filed by First Fidelity Financial Services, Inc. (First Fidelity), in the Southern District of Florida. Second, KRC contends in the alternative that there is a material default in the confirmed plan and, therefore, it is appropriate to dismiss this Chapter 11 case pursuant to § 1112(b)(8) of the Bankruptcy Code. The matter was initially presented to the late Judge Silberman who took the matter under advisement. Thereafter, the undersigned resumed responsibility to consider the issues raised by the Motion of KRC.

In order to assist this Court to resolve the matter, this Court directed the parties to submit a transcript of the hearing held before Judge Silberman and to furnish the exhibits introduced and admitted into evidence at the evidentiary hearing held by the late Judge Silberman. Unfortunately, the record submitted leaves much to be desired and it is difficult to make a positive fact finding on several important items which, in this Court's view, are material and would be helpful, if known. Be as it may, the following facts appear from the record which are also relevant and germane and shall suffice to assist in the resolution of the issues raised by the Motion filed by KRC.

On January 20, 1981, Douglas and Janet Melvin (Debtors) executed and delivered to First Fidelity a promissory note in the principal sum of $172,000 secured by a mortgage encumbering two parcels of real property located in Brevard County, Florida. The note and mortgage were subsequently assigned to Fidelity Standard Mortgage Corporation (Fidelity Standard) and later to various individual investors. Sometime in 1982, First Fidelity and Fidelity Standard filed their respective voluntary Petitions for Relief under Chapter 11 of the Bankruptcy Code in the Southern District of Florida.

KRC is a Florida corporation who purchased 67.62% interest in the note and mortgage from the assignees of the trustees of the estates of First Fidelity and/or Fidelity Standard. The sale was approved by the bankruptcy court for the Southern District of Florida. The record fails to reveal when this sale occurred, but it is undisputed that KRC was not legally in existence until January 4, 1988, at which time the corporation KRC was formed.

On January 19, 1984, the Debtors filed their Petition for Relief under Chapter 11 of the Bankruptcy Code in the Middle District of Florida. The Debtors, in their Schedules of Liabilities, listed both First Fidelity and Fidelity Standard as the holders of a disputed third mortgage on real estate owned by them. It appears that at the time the Debtors filed their Petition for Relief in the Middle District of Florida, they were already aware that First Fidelity or its assignee, First Standard, sold off fractional interests in this mortgage to several investors. It appears from the exhibits that KRC acquired a fractional interest in the mortgage granted to First Fidelity on July 8, 1988, from Fenimore and Ina Mae Storch (Movant's Exhibit # 6) who apparently acquired their fractional interest in the mortgage either from some other assignees of the mortgage or, possibly, directly from First Fidelity. It should be noted that neither First Fidelity nor its assignees complied with Bankruptcy Rule 3001 which requires a compliance with certain provisions governing transferred claims. Bankruptcy Rule 3001(e)(1) and (2).

Shortly after the commencement of the case, the Debtors filed a Motion and sought to amend their schedules. On March 20, 1984, this Court entered an Order granting the Debtors' Motion and authorized the Debtors to file amended schedules and to list the names and addresses of the investors who purchased an interest in the disputed third mortgage. The Order also directed the Debtors to mail a formal notice to all the assignees of the disputed third mortgage of the pendency of their Chapter 11 case. Pursuant to the Order, the notices were sent which informed all parties who had a known interest at that time in this mortgage that the last date to file claims was May 22, 1984.

It appears that four of the assignees of the disputed third mortgage did, in fact, file their proofs of claims. However, the other assignees did not file proofs of claim nor in any way did they participate in the Chapter 11 case of the Debtors. Neither did KRC for the obvious reason that, as noted earlier, it did not exist and it did not acquire any interest in the mortgage in question until 1988 or four years after the bar date to file claims fixed by the Court.

On September 4, 1984, the Debtors filed their Plan of Reorganization. The Plan described the First Fidelity note and mortgage as disputed and proposed a payment of $50,000 to satisfy the indebtedness to be distributed pro rata to all persons holding an interest in the First Fidelity note and mortgage. On April 30, 1985, this Court entered an Order confirming the Plan of Reorganization. Pursuant to the terms of the confirmed Plan, the Debtors made payment to all investors in the First Fidelity note and mortgage who had timely filed their proofs of claim. The Plan did not provide for any payments to First Fidelity or to Fidelity Standard, and none were made for the simple reason that neither First Fidelity nor Fidelity Standard ever filed a proof of claim as they were required to do by Bankruptcy Rule 3003(c)(2), their claims having been listed as disputed. It is without dispute, as noted earlier, that First Fidelity and Fidelity Standard were debtors involved in a case pending in the Southern District of Florida at the time relevant to this controversy and it is without dispute that the Debtors did not seek relief from the automatic stay in the Southern District of Florida before they filed their Plan of Reorganization.

Based on this fact, KRC contends that this Court did not have jurisdiction to confirm the Plan of Reorganization of the Debtors and discharge KRC's claim due to the failure of the Debtors to obtain relief from the stay in the Southern District in the First Fidelity and Fidelity Standard Chapter 11 cases. In addition, it is the position of KRC that the failure to pay

KRC is a material default of the confirmed plan which, in turn, warrants dismissal of this Chapter 11 case by virtue of § 1112(b)(8).

■ Considering this second contention first, it should be obvious that KRC is not entitled to any distribution under the confirmed plan for several reasons:

First, KRC never acquired any right under the mortgage until long after the plan was confirmed. Moreover, whatever right KRC had acquired from its assignees with the note and the mortgage (who in turn acquired their rights ostensibly from First Fidelity or Fidelity Standard, a fact not clear from this record), this right was not greater than the right of First Fidelity or Fidelity Standard. Since neither First Fidelity nor Fidelity Standard had a right to any distribution, not having filed a proof of claim in this case, neither did their assignee, i.e. in this instance KRC, acquire any right to distribution. This conclusion is self-evident when one considers the undisputed facts of this record. Thus, the failure to pay a dividend to KRC is not a material default of the confirmed plan and, therefore, the Motion to Dismiss this Chapter 11 case pursuant to § 1112(b)(8) is without merit.

■ This leaves for consideration the more troublesome question, which is whether or not the Debtors in this case violated the automatic stay by proposing a plan of reorganization in their case which impaired the rights of First Fidelity and Fidelity Standard, the Debtor involved in the Chapter 11 case in the Southern District of Florida. Setting aside for a moment the proposition that KRC has no standing to raise this issue since KRC was never, to this Court's knowledge, a debtor and never had the protection of the automatic stay, the ultimate question still remains whether or not filing a plan of reorganization by a debtor which impairs the property right of another debtor is a violation of the automatic stay and, if so, what are the legal consequences of such a violation.

It cannot be gainsaid that at the time of the commencement of this Chapter 11 case, the mortgage in question was property of the estate of either First Fidelity or Fidelity Standard thus protected by the automatic stay. However, the protection of the automatic stay which is relevant to the matter is limited to (1) the prohibition of enforcement of judgments against property of the estate obtained before the commencement of a case, § 362(a)(2); (2) prohibition of any acts to obtain possession or to exercise control over property of the estate, § 362(a)(3); (3) to prohibit any acts to create, perfect or enforce a lien against the property of the estate, § 362(a)(4).

It is evident that a close reading of these provisions of § 362 have no application to the instant case. It is bordering on absurdity to contend that the filing of a plan of reorganization by a debtor involved in a Chapter 11 case which is the statutory right granted to debtors by § 1121(a) would be equal or tantamount to any acts prohibited by § 362(a)(1), (2), (3) or (4) of the Code. First Fidelity and Fidelity Standard, for the purpose of this Chapter 11 case, were nothing more than creditors of the Debtors and had no more or less rights than other creditors similarly situated. They had the right, and because they were scheduled as disputed, the duty, to file a proof of claim; they had the right to object to confirmation of the plan, none of which occurred in this case. Thus, it is quite evident that by virtue of § 1141 of the Bankruptcy Code they are bound by the terms of the confirmed plan. This is so because subclause (a) of § 1141 provides that the confirmed plan binds all creditors whether or not a claim or interest of such creditor is impaired under the plan and whether or not such creditor accepted the plan. From these it follows that KRC is equally bound by the Order of Confirmation, a claimed succession in interest of the assumption of this mortgage. This being the case, this Court is satisfied first that the Debtors did not violate the automatic stay by filing their plan of reorganization; and, second, in any event, neither First Fidelity who is, by the way, not asserting any claims here, nor has KRC any right to

complain and they have no right to receive any distribution under the plan.

One last comment. At the final evidentiary hearing, KRC attempted to inject some additional issues, none of which have any relevance to the Motion under consideration. Therefore, this Court is of the opinion that it is unnecessary to discuss same.

Accordingly, it is

ORDERED, ADJUDGED AND DE-CREED that the Motion to Dismiss or, Alternatively, Motion to Grant Relief from Stay filed by KRC Enterprises, Inc., be, and the same is hereby, denied.

DONE AND ORDERED.